UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| City of Beaufort, City of Charleston, City of Folly Beach, City of Isle of Palms, City of North Myrtle Beach, South Carolina Small Business Chamber of Commerce, Town of Bluffton, Town of Briarcliffe Acres, Town of Edisto Beach, Town of Hilton Head Island, Town of James Island, Town of Kiawah Island, Town of Mount Pleasant, Town of Pawley's Island, Town of Port Royal, Town of Seabrook Island, Town of Awendaw, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL MARINE FISHERIES SERVICE, CHRIS OLIVER, in his official capacity as the Assistant Administrator for Fisheries, and WILBER ROSS, in his official capacity as the Secretary of Commerce, <br><br> Defendants. <br><hr> South Carolina Coastal Conservation League, et al, <br><br> Plaintiffs, <br><br> v. <br><br> Wilbur Ross, iin his official capacity as the Secretary of Commerce; et al., <br><br> Defendants. | **No.: 2:18-cv-03326-RMG** <br> **(Consolidated with 2:18-cv-3327-RMG)** <br><br> **MOTION TO INTERVENE OF STATE OF SOUTH CAROLINA, EX REL ALAN WILSON, ATTORNEY GENERAL IN CITY OF BEAUFORT v. NATIONAL MARINE FISHERIES SERVICE CASE** |

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, the State of South Carolina ex rel Alan Wilson, Attorney General (Attorney General) moves to intervene in the City of

Beaufort v. National Marine Fisheries, et al, case only.[1] He seeks to intervene as a matter of right or, in the alternative, permissively. See Fed. R. Civ. P. 24(a)–(b). For the reasons discussed below, the Court should grant this motion.

### Intervention as of Right

Under Federal Rule of Civil Procedure 24(a), on timely motion, the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). This Court has applied these requirements to motions to intervene as of right:

> To intervene as of right, a movant must show: (1) timely application; (2) an interest in the subject matter of the underlying action; (3) that a denial of the motion for leave to intervene would impair or impede the movant's ability to protect its interest; and (4) that the movant's interest is not adequately represented by the existing parties to the litigation. *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). "A party moving for intervention under 24(a) bears the burden of establishing a right to intervene, and must do so by satisfying all four requirements." U.S. ex rel. MPA Constr., Inc. v. XL Specialty Ins. Co., 349 F. Supp. 2d 934, 937 (D. Md. 2004).

*Park v. McCabe Trotter & Beverly, P.C.*, No. 2:17-CV-657-RMG, 2018 WL 3543526, at *2 (D.S.C. July 23, 2018). The Attorney General meets these standards.

> Under either method of intervention, the intervention must be timely. Gould v. Alleco, Inc., 883 F.2d 281, 286 (4th Cir. 1989) ("Both intervention of right and permissive intervention require timely application."). To determine whether an application for intervention is timely, the Fourth Circuit has outlined the following factors: how far the suit has progressed, the prejudice that delay might cause other parties, and the reason for the tardiness in moving to intervene. Gould v. Alleco, Inc., 883 F.2d 281, 286 (4th Cir. 1989).

---

[1] Pursuant to Local Civil Rule 7.04, DSC, a memorandum is not submitted because a full explanation of the argument is contained within the motion and a memorandum would serve no useful purpose.

*S.C. Coastal Conservation League v. Pruitt*, *supra*, at *8). Because the plaintiff filed its complaint in this Court just last month, this motion undoubtedly is timely under either method of intervention. The lawsuit has just begun and allowing the Attorney General to intervene would not cause any delay. Therefore, under either intervention standard, this motion is timely.

Further, "[t]o support a right to intervene, the potential intervenor's interest in the dispute 'must be direct, rather than remote or contingent.'" *S.C. Coastal Conservation League v. Pruitt*, *supra*, at *8, citing *Dairy Maid Dairy, Inc. v. United States*, 147 F.R.D. 109, 111 (E.D. Va. 1993)." The Attorney General has a direct interest in the subject matter of this litigation as the State's chief legal officer. He "has broad statutory and common law authority in his capacity as the chief legal officer of the State . . . . " *Ex Parte, Charlie Condon, In re: Littlejohn v. State*, 354 S.C. 634, 583 S.E.2d 430, 434 (2003); *see also, Condon v. Hodges*, 349 S.C. 232, 562 S.E. 2d 623 (2002); *State ex rel Daniel v. Broad River Power Co.*, 157 S.C. 1, 562 S. E. 623 (2002). *Condon v. Hodges* cited *Porcher v. Cappelmann*, 187 S.C. 491, 198 S.E. 8 (1938) for the proposition that the "Attorney General represents sovereign power and general public." 562 S.E.2d at 627.

Pursuant to the federal Submerged Lands Act (43 U.S.C. § 1301 *et seq*), the State of South Carolina has ownership of the submerged lands off its coast, out to the three mile limit. Thus, the State is the adjacent landowner to the United States. Therefore, the Attorney General has a strong interest in protecting the State's coastal areas, well off its shores, and the State's economic, recreational and tourism interests and quality of life that would be affected by the proposed seismic surveying. Moreover, under the Tenth Amendment of the United States Constitution, the State possesses a duty not only to protect its sovereign interests, but its people within its borders, from intrusion and harm by the federal government.

"The court must then evaluate whether 'denial of the motion to intervene would impair or impede the ... ability to protect [their] interest' and whether the proposed intervenor's 'interest is [ ]adequately represented by the existing parties to the litigation.'" S.*C. Coastal Conservation League, supra* at *8. Although a number of coastal municipalities are parties to this suit, the Attorney General repre sents the interests of the entire State including its agencies that could be affected by the seismic surveying and the general public. No single plaintiff or the present group of plaintiffs represents all of those interests. Therefore, the Attorney General's ability to protect the interests of the public and State agencies would not be adequately represented by the existing plaintiffs and would be impaired.

### Permissive Intervention

Additionally, Federal Rule of Civil Procedure 24(b) provides that the Court may permit on timely motion, "anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).

> "Permissive intervention is left to the broad discretion of the Court and should be construed liberally in favor of intervention." *Savannah Riverkeeper v. U.S. Army Corps of Eng'rs*, No. CV 9:12-610-RMG, 2012 WL 13008326, at *2 (D.S.C. Aug. 14, 2012). "Among the factors a Court should consider in passing upon a motion for permissive intervention includes (1) the timeliness of the motion; (2) the presence of a common question of law or fact; and (3) whether the intervention will unduly delay or prejudice the original parties." Id. (citing Backus v. S.C., No. 3:11-cv-03120-HFF-MBS-PMD, 2012 WL 406860, at *2 (D.S.C. Feb. 8, 2012) ); *but see S.C. Coastal Conservation League v. Pruitt*, No. 18-CV-330-DCN, 2018 WL 2184395, at *3 (D.S.C. May 11, 2018) (adding a fourth prong that "there must be an independent ground of subject matter jurisdiction.") (citing *Shanghai Meihao Elec., Inc. v. Leviton Mfg. Co*., 223 F.R.D. 386, 387 (D. Md. 2004) ).

*S.C. Elec. & Gas Co. v. Whitfield*, No. 3:18-CV-01795-JMC, 2018 WL 3470660, at *3 (D.S.C. July 18, 2018).

4

The Attorney General meets these standards. As noted above, this motion is timely. The questions of law and fact are similar in that the attached proposed Complaint in Intervention adopts most of the fact allegations and causes of action of the Plaintiffs' Complaint and the additional causes of action he adds are consistent with the present claims. Given the early stage of this litigation, the intervention will not unduly delay or prejudice the original parties. An independent basis for subject matter jurisdiction exists in that this Court would have jurisdiction if the Attorney General brought his claims independently of the existing Plaintiffs.

Pursuant to Federal Rule of Civil Procedure 24(c), the Attorney General submits a proposed complaint in intervention as Attachment A.

## CONCLUSION

Based upon the foregoing, the Attorney General respectfully requests that the Court enter an order granting his motion to intervene as of right or under the permissive intervention rule.

    Respectfully submitted,

    ALAN WILSON
    Attorney General
    Federal ID No.10457

    ROBERT D. COOK
    Solicitor General
    Federal ID No. 285
    Email: rcook@scag.gov

    /s/ J. Emory Smith, Jr.
    J. EMORY SMITH, JR.
    Deputy Solicitor General
    Federal ID No. 3908
    Email: esmith@scag.gov

    [Signature block continues next page]

T. PARKIN C. HUNTER
Senior Assistant Attorney General
Federal ID No. 2018
Email: phunter@scag.gov

Office of the Attorney General
Post Office Box 11549
Columbia, South Carolina 29211
Phone: (803) 734-3680
Fax: (803) 734-3677

January 7, 2019            Counsel for the State ex rel Wilson

 Local Civ. Rule 7.04 statement

Counsel has consulted with the other parties to the City of Beaufort v. National Marine Fisheries, et al, case. Counsel for Plaintiffs consents. Counsel for the United States reports that they are furloughed at the present time, and for that reason, they reserve their position.

/s/ J. Emory Smith, Jr.
J. EMORY SMITH, JR.
January 7, 2019            Deputy Solicitor General